BRYAN SCHRODER
United States Attorney

DUSTIN GLAZIER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567
Telephone: (907) 271-5071
Facsimile: (907) 271-2344
E-mail: Dustin.Glazier@usdoj.gov

Attorneys for the Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KATHLEEN M. SKONBERG,<br><br>                    Plaintiff,<br><br>          vs.<br><br>UNITED STATES OF AMERICA,<br><br>                    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:19-CV-00175-HRH<br>)<br>) |

**ANSWER**

Defendant United States of America, through counsel, hereby answers

Plaintiff's Complaint against it as follows:

**PARTIES AND JURISDICTION**

1.      Defendant United States is without sufficient knowledge to either

admit or deny the allegations in paragraph 1, and therefore denies.

2.    Admitted.

3.    Defendant admits only that the Alaska Native Tribal Health Consortium ("ANTHC") is an Alaska Native self-governance compactor under Title V of the Indian Self-Determination and Education Assistance Act, Pub. L. 93-638, as amended, and receives federal funding to administer federal programs, services, functions, and activities of ANMC, which ANTHC co-manages with the Southcentral Foundation.

4.    Defendant admits only that, pursuant to the Indian Self-Determination and Education Assistance Act, 25 U.S.C. § 5321(d), employees of tribes or tribal organizations carrying out a contract or cooperative agreement with the United States Department of Health and Human Services are deemed employees of the Public Health Service for purposes of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671-80.

5.    Admitted.

6.    Admitted.

7.    Defendant admits only that Dr. Rokosz was, at all times pertinent, deemed to be an employee of the Public Health Service for purposes of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671-80.

8.    Defendant admits only Dr. Rokosz was a provider of medical care to Plaintiff.

## GENERAL ALLEGATIONS AND CLAIMS

9.　　Defendant admits only that an administrative claim was presented on a Standard Form 95 to the U.S. Department of Health and Human Services on June 26, 2018, and the administrative claim was denied on June 28, 2019.

10.　　Admitted, as the claim was denied on June 28, 2019.

11.　　Admitted.

12.　　Defendant admits only that Plaintiff developed an infection and a wound site that would not properly heal.

13.　　Admitted.

14.　　Admitted.

15.　　Admitted.

16.　　Denied.

17.　　Admitted.

18.　　Admitted.

19.　　Denied.

20.　　Denied.

21.　　Denied, including subparagraphs (a) and (b).

22.　　Denied.

## ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

The remainder of the Complaint sets forth the Plaintiff's Prayer for Relief for which no response is necessary. To the extent the Court requires a response, Defendant United States denies liability to the Plaintiff, denies the allegations set forth in the Complaint, and denies Plaintiff is entitled to the demands made in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Although discovery has not yet been permitted and investigation has only just begun, the following matters are raised at this time to give all parties notice of defenses, affirmative defenses, and other matters that exist now or may arise after discovery and future investigation:

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiff failed to timely submit an administrative claim to the appropriate government agency under 28 U.S.C. § § 2401 and 2675, accordingly Plaintiff's claims should be dismissed for lack of jurisdiction.

3.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

4.     Plaintiff's damages and recovery, if any, may be subject to and limited by the provisions of Alaska statutory and common law, including AS 09.17.010 to AS 09.17.900 and AS 09.55.540 to AS 09.55.549, to the extent that these laws are not inconsistent with the FTCA.

5. Plaintiff's damages and recovery, if any, may be subject to and limited by the provisions of Alaska statutory and common law, including any limitations on the nature and/or amount of damages recoverable in tort or medical malpractice actions, to the extent that these laws are not inconsistent with the FTCA.

6. To the extent that Plaintiff asserts injury or damage claims or claims of negligence that were not asserted in the administrative claim, such claims are barred under 28 U.S.C. § 2675.

7. To the extent that Plaintiff's alleged injuries or damages were not caused by a negligent act or omission of an employee of the United States, acting within the scope of his or her employment, Plaintiff's recovery, if any, should be denied or reduced as to the Defendant.

8. To the extent that Plaintiff's alleged injuries or damages were caused, in whole or in part, by the fault or negligence of any other person, including Plaintiff, Plaintiff's recovery, if any, should be denied or reduced accordingly.

9. To the extent that it is allowed under federal and state law, Defendant may be entitled to a credit or offset for any past or future benefits paid for or payable by, in whole or in part, state or federal government programs not subject to subrogation. The amount of damages awarded in this action, if any, should be reduced accordingly.

10.     Pursuant to 28 U.S.C. § 2674, Plaintiff is not entitled to recovery of punitive damages.

11.     Pursuant to 28 U.S.C. § 2674, Plaintiff is not entitled to recovery of prejudgment interest on any damages award.

12.     Under the FTCA, attorney's fees are recoverable only as part of any judgment or settlement and not in addition thereto and Plaintiff cannot recover attorney's fees from the United States.

13.     Defendant asserts that it may have additional defenses which are not known to Defendant at this time, but which may be ascertained through discovery.  Defendant specifically preserves these additional defenses as they may be ascertained through discovery.

14.     The United States is not liable for the acts of independent contractors.  28 U.S.C. § 2671.

Wherefore, Defendant generally denies that Plaintiff is entitled to any recovery, and Defendant requests that Plaintiff's Complaint be dismissed, that judgment be entered in favor of Defendant, and that the Court award Defendant costs and such other relief to which it is entitled.

RESPECTFULLY SUBMITTED this 23rd day of August, 2019, in

Anchorage, Alaska.

                                    BRYAN SCHRODER
                                    United States Attorney

                                    s/DUSTIN M. GLAZIER
                                    Assistant U.S. Attorney
                                    Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2019,
a copy of the foregoing
was served via electronic service on:

David Henderson, Esq.

s/Dustin M. Glazier
Assistant U.S. Attorney